# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**ELLIS DAWKINS, #L2475**                                          **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO: 4:09CV47-LRA**

**WARDEN DALE CASKEY, ET AL**                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

THIS CAUSE is before the Court on the Motion for Summary Judgment, ECF No. 31, filed May 7, 2010, by Defendants Warden Dale Caskey, Warden Bart Grimes, Sandra Atwood and Dr. Harold Melancon. The Court has considered all the pleadings filed in this case and Plaintiff's sworn testimony given at the omnibus hearing, and the applicable law. This review compels the Court to find that the motion is meritorious and should be granted.

**I.**       **Facts & Procedural History**[1]

Dawkins's sworn testimony at the omnibus hearing, combined with the evidentiary materials submitted by Defendants, reveal the following relevant facts.[2] Plaintiff was incarcerated in the custody of the Mississippi Department of Corrections at the East Mississippi Correctional Facility ["EMCF"] in Meridian, Mississippi, from October, 2008, through October 19, 2009. He was placed in segregation (or "administrative segregation

---

[1]The facts are presented in the light most favorable to Plaintiff, and they largely come from Plaintiff's testimony and pleadings. Plaintiff's medical records, contained at ECF No. 33, as well as the documentation submitted by Defendants in support of the Motion for Summary Judgment, were also utilized.

[2]Defendants quoted the facts as summarized by the Court in the Omnibus Order, ECF No. 27, and the Court will generally repeat the summarization herein as well.

long-term status"³) for a large portion of that time. Since released from EMCF on October 19, 2009, a month after the omnibus hearing was conducted, he has been housed at Central Mississippi Correctional Facility (CMCF) and the South Mississippi Correctional Institute [SMCI].⁴

Plaintiff claims that his conditions of confinement while housed at EMCF were constitutionally inadequate. While in segregation, two inmates were housed in a one-man cell. There was no heat in the entire building. In the summer, some cells had no air. On one occasion, all the lights were turned out during a shakedown; this lasted twenty days. The inmates had to eat in the dark and could not see what was in their trays. Other inmates smoked in their cells, and Plaintiff constantly complained and asked that he be housed with a non-smoker. Instead, he was housed with an active smoker. Plaintiff has asthma and should not be exposed to secondhand smoke. He did not require an inhaler until he got to EMCF. He was provided no shoes or a coat for three months.

At the omnibus hearing, Plaintiff also charged that he was still exposed to secondhand smoke. He asserted that he was erroneously classified as mentally

---

³This classification type replaced "D-custody" or maximum security custody. Plaintiff's conviction was for capital rape, and he was initially classified as a D-custody security inmate. *See*, Affidavit of Defendant Caskey, ECF No.31-2, p. 3.

⁴See ECF No. 21, p. 2, n. 1.

incompetent, so he could not apply to be transferred. Currently, Plaintiff is no longer housed at EMCF, so these issues are moot insofar as injunctive relief is inappropriate.[5]

Plaintiff named Warden Caskey as a Defendant because he housed the inmates in the lockdown cells. Plaintiff contacted him to complain, and he did nothing. Defendant Bart Grimes, the assistant warden, was also responsible. Defendant Dr. Harold Melancon erroneously classified him as mentally unstable. Defendant Sandra Atwood is over the medical unit. Plaintiff was trying to get work done on his teeth, and Defendant Atwood denied him dental care.

Plaintiff testified that he has no permanent injuries as a result of his claims, except that his lungs are damaged due to the exposure to the constant smoke.

Plaintiff conceded that he filed no ARP about his dental work. He testified that he did file an ARP regarding his mental health classification, but it was never answered. He was uncertain as to whether he filed an ARP regarding the secondhand smoke issue.

## II.   Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that

---

[5]Plaintiff was transferred from EMCF approximately one month after the omnibus hearing.

this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. *Id*. at 322. There is a genuine factual dispute between the parties only "when a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

**III.   Analysis**

Defendants request the Court to dismiss all of Plaintiff's claims due to the fact that he failed to exhaust his administrative remedies prior to filing this lawsuit as to *any* of the claims contained in the Complaint. In support, Defendants have attached the Affidavit of Warden Dale Caskey, ECF No. 31-2; the Affidavit of M. Lee Carmichael, Administrative Remedies Program [ARP] Coordinator at EMCF, ECF No. 31-3; the Affidavit of Sandra Atwood, RN, Health Services Administrator for the EMCF, and, the medical records of Plaintiff, ECF No. 33. The information contained in these affidavits and records has not been rebutted by Plaintiff.

Ms. Carmichael has been the ARP Coordinator at the EMCF since early 2007. She is the custodian of ARP files at the EMCF and is familiar with Plaintiff. According to Ms.

4

Carmichael, the MDOC ARP program has been in effect at EMCF since it opened. Ms. Carmichael notes that Plaintiff was transferred by MDOC to the EMCF from the Delta Correctional Facility on October 29, 2008. He was transferred by MDOC from the EMCF to CMCF on October 19, 2009. MDOC records confirm that he was transferred to SMCI on December 8, 2009, where he still is housed.

According to Ms. Carmichael, Dawkins has filed 11 ARP requests since he entered the MDOC system. Only two of these pertained to Dawkins's incarceration at EMCF. He failed to complete all three steps of ARP in *either* of the two ARPs pertaining to EMCF. Ms. Carmichael described the two EMCF ARPS filed by Dawkins.

In ARP EMCF-08-697, Dawkins complained about various conditions of confinement, and Willie Bookert completed the 1st Step Response on February 5, 2009. Dawkins withdrew the ARP Request on February 19, 2009, because of Mr. Bookert's satisfactory response to the Request. Because of this, Dawkins dismissed the Complaint as against Mr. Bookert.[6]

In ARP EMCF 09-665, received on June 12, 2009, Dawkins challenged his release date from MDOC. The 1st and 2nd Steps were denied. His 3rd Step appeal was sent to the MDOC Commissioner in March 2010 and has not yet been completed.

---

[6]The Court dismissed Mr. Bookert as a defendant in the Omnibus Order pursuant to Dawkins's request.

Dawkins has only this last ARP Request pending; no others are in backlog at the EMCF.[7] Plaintiff stated in his complaint, paragraph 7, that he submitted an ARP on November 12 & 13, 2008, with one being addressed to Commissioner Epps, and the other to David Petrie, MDOC's Legal Claims Adjudicator.  Both complained of the same conditions of confinement, and these were the same ARPs withdrawn by Plaintiff on February 19, 2009, because of Mr. Bookert's satisfactory response.  The 3rd Step was never completed.

These affidavits confirm that Plaintiff never filed any ARP with a concern or request for relief regarding being housed with a smoker or being subjected to secondhand smoke.

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e, contains an "'invigorated' exhaustion provision, § 1997e(a)." *Woodford, et al. v. Ngo*, 548 U.S. 81, 84, (2006) (citing *Porter v. Tussle*, 534 U.S. 516, 524 (2002)).

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility, until such administrative remedies as are available are exhausted.
> 42 U.S.C. § 1997e(a) (1995).

The PLRA requires a prisoner to "exhaust all 'available' remedies, not just those that meet federal standards. . . [As [the Supreme Court] held in *Booth*, a prisoner must now exhaust all administrative remedies even where the relief sought - monetary damages -

---

[7]To prevent procedural abuse/overuse, ARP provides that once an ARP Request is accepted for processing, additional ARP Requests by the inmate will be logged and set aside ("in backlog") for handling at the coordinator's discretion.  Only ten Requests may be backlogged at any one time.  ECF No. 31-3, p. 2.

cannot be granted by the administrative process." *Woodford*, at 85 (citing *Booth v. Churned*, 532 U.S. 731, 739 (2001)). "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id*. at 85 (citing *Booth*, at 739). Exhaustion is "required for any suit challenging prison conditions, not just for suits under § 1983." *Id.*, at 85 (citing *Porter v. Tussle*, at 524).

In *Woodford*, the Supreme Court found that the PLRA's exhaustion requirement means "proper" exhaustion, which requires a prisoner to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88, 93. The Court reasoned that a "prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction." *Id.* at 95.

The requirement of exhaustion applies regardless of the prisoner's opinion on the efficacy of the institution's administrative remedies program. *Alexander v. Tippah County, MS*, 351 F.3d 626, 629 (5th Cir. 2003). It is not for the court to decide whether the procedures "satisfy minimum acceptable standards of fairness and effectiveness." *Booth*, 532 U.S. at 740 n. 5. Thus, regardless of the relief that a prisoner seeks, he must first exhaust any administrative remedy that is available to him.

The failure to exhaust is an affirmative defense that a prisoner is not required to plead; the defendant must plead and prove the prisoner's failure to exhaust. *Jones v. Bock*, 549 U.S. 199, 204 (2007). *See also Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (applying *Jones*). In

Dawkins's case, Defendants have proven this affirmative defense by substantial evidence which has not been rebutted. The Court finds that Defendants' burden of proof has been met; Dawkins has not exhausted his administrative remedies.

In this case, one of Plaintiff's primary complaints is that he was housed with a smoker and subjected to secondhand smoke. In the omnibus hearing, Dawkins testified that he was uncertain as to whether he filed an ARP regarding this issue. This is an example of a problem which very well may have been resolved if Plaintiff had participated in the ARP program. Because he is no longer housed at EMCF, no injunctive relief could be granted at this time, and the claim is moot. He did file an ARP regarding some of the other conditions of his confinement. Yet he failed to complete the process, being satisfied after receiving a response from Mr. Bookert. In no case has Dawkins appealed to the 3rd Step except in the case of his challenge to the length of his sentence.[8] This 3rd Step has not been completed, so exhaustion is not complete.

For these reasons, Plaintiff may not proceed in this case because he did not exhaust his ARP remedies. The Complaint shall be dismissed without prejudice, although the Court recognizes that Dawkins may no longer be able to properly exhaust his ARP remedies regarding the claims set forth in his Complaint. Because Dawkins cannot proceed further

---

[8] The length of his sentence, and the calculations relating thereto, are a matter for habeas relief and would not be considered in this civil case.

due to his failure to exhaust, it is unnecessary for the Court to consider the merits of his claims at this time.[9]

## IV.   Conclusion

The Court finds that there are no genuine issues as to any material fact regarding the issue of exhaustion of Dawkins's claims against these Defendants, and all Defendants are entitled to a judgment as a matter of law under Rule 56(c) of the Federal Rules of Civil Procedure.

THEREFORE, it is hereby ordered that Defendants' Motion for Summary Judgment, ECF No. 31, is GRANTED, and Defendants are dismissed without prejudice.

SO ORDERED, this the 9th day of November, 2010.


/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

---

[9]The Court does note that Defendants' arguments regarding the merits of the claims are persuasive. Plaintiff's constitutional claims would fail as a matter of law for the reasons set forth in Defendants' motion.